**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:18-CR-82-TLS |
| | ) | |
| JENNIFER TURKETTE | ) | |

**OPINION AND ORDER**

The Defendant, Jennifer Turkette, is charged with knowingly selling a firearm to a convicted felon, a violation of 18 U.S.C. § 922(d)(1). She has been ordered detained pending trial. This matter is before the Court on the Defendant's Motion for Revocation or Amendment of Detention Order [ECF No. 20] filed pursuant to 18 U.S.C. § 3145(b), which provides for district court review, upon motion by a defendant, of a Magistrate Judge's detention order.

The Government requested the detention of the Defendant pending trial on grounds that the Defendant was a danger to the community and a serious risk of flight. (Mot. for Detention, ECF No. 6.) On August 29, 2018, Magistrate Judge Susan Collins conducted a detention hearing and found that no condition or combination of conditions of release would reasonably assure the Defendant's appearance. The Magistrate Judge based this finding on the following factors: the strength of the weight of the evidence against the Defendant; her participation in criminal activity while on probation, parole, or supervision; her history of substance abuse; her lack of stable employment, and; her prior violations of probation, parole, or supervised release. The Magistrate Judge found that home detention would not be appropriate in light of the Defendant's history of dealing narcotics from her home. Thus, the Defendant was ordered to be detained pending trial.

A defendant may file a motion seeking review or revocation of a detention order when

the defendant has been "ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court." 18 U.S.C. § 3145(b). A district court may review a magistrate's detention order without holding a new hearing. *United States v. Sophie*, 900 F.2d 1064, 1070 (7th Cir. 1990) ("An evidentiary hearing is necessary only if the party requesting the hearing raises a significant disputed factual issue.").

The Defendant argues that the Government failed to show that less restrictive means would be inadequate to ensure her appearance and, conversely, that her arguments demonstrated that electronic monitoring while residing at a halfway house under the supervision of the Allen County Superior Court's Drug Court Program is less restrictive and would ensure her future appearance. The Defendant does not request a hearing, or present additional evidence for the Court's consideration.

The Bail Reform Act requires a judicial officer to order pretrial release on personal recognizance or upon the execution of an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Detention can be based on a showing of either dangerousness or risk of flight; only one is required. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). With respect to the risk of flight issue, the government bears the burden of proof by a preponderance of the evidence. *Id.* With respect to risk to the safety of any other person or the community, however, the government must prove its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987). If such unconditional release will not reasonably

assure appearance or will endanger safety, then the judicial officer must consider a number of conditions to accompany the release order. 18 U.S.C. § 3142(c). However, if, after a hearing pursuant to § 3142(f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall order detention pending trial. *Id.* § 3142(e).[1]

The factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community fit into four general categories. They take into account the available information concerning—(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including—(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

---

[1] Section 3142(e) provides for two rebuttable presumptions in favor of detention. On the Defendant's Order of Detention Pending Trial [ECF No. 18], the Magistrate Judge marked that a rebuttable presumption arose under § 3142(e)(3) because the offense was "under 18 U.S.C. §§ 924(c), 956(a), or 2332b." As the Defendant is charged with violating 18 U.S.C. § 922(d)(1), the presumption does not apply. The Magistrate Judge noted as much during the detention hearing, and the mark on the form appears to be a mistake not in keeping with the Magistrate Judge's in-court findings.

3

At the detention hearing, the Government proffered that the Defendant admitted to purchasing the firearm and bringing it to a known convicted felon. That firearm was later recovered on top of a container of drugs inside the felon's residence. Numerous types and quantities of drugs, along with twenty-one additional firearms, were located inside the residence. The Government argued that the Defendant was both a danger to the community, and presented a risk of flight. It noted her unsteady employment history, and significant history of substance abuse as two relevant factors. For example, the Defendant used heroin in June 2018, which prompted EMS and police to respond. The Defendant had to be revived after overdosing on heroin. Her eleven-year-old child was able to retrieve a syringe and drugs for the police from the Defendant's purse. Her younger child was sleeping near her. As a result of the June incident, the Defendant was charged criminally in state court, where she was already on drug court supervision for dealing heroin out of her residence to undercover law enforcement on two occasions. Her children were also present during that activity. Moreover, the Defendant referenced the heroin that she sold as "killer heroin," as it had caused three people to overdose in her trailer. The Government urged that the halfway house and counseling had not helped with the Defendant's addiction issues, and that she was still putting her children in danger. The Government noted that the Defendant had a criminal history going back to age fifteen, and had numerous revocations or instances of unsatisfactory release from supervision. Morever, her association with a drug dealer presented additional dangers.

In response, the Defendant argued that relapse is not unusual when attempting to break a drug addiction, particularly to opioids, but that the Defendant was taking appropriate steps. Additionally, because the Department of Child Protective Services was involved with the

Defendant's children, she would not have unsupervised visitation. The Defendant pointed out her lifelong connections to the community, and argued that simply being addicted to drugs did not make someone a risk to the community. The Defendant requested electronic monitoring and residence in a halfway house as the least restrictive conditions that would assure her appearance and protect others. Additionally, her drug court supervision required daily screens. The Defendant noted that the criminal offense for which she was charged did not create a presumption of detention, so the burden was on the Government.

According to the Government, keeping the Defendant detained pretrial was the least restrictive means because tethering her to the house, such as through electronic monitoring, would not prevent her from dealing drugs from her house or obtaining and using drugs. Likewise, drug court supervision had not been a sufficient deterrent. The Government argued that the Defendant's addiction did not absolve her from the consequences of that addiction, and that it was not the Government's position that all drug addicts required pretrial detention. It submitted that the Defendant presented additional risks because she had sold dangerous drugs, exposed her children to risks, and bragged about other people overdosing in her house, which revealed a mindset different from what can be attributed solely to addiction.

After considering the parties' argument, the Magistrate Judge issued her ruling. She noted that it was not a presumption case, but that the factors weighed in favor of detention. The Defendant's sincerity aside, the the Magistrate Judge found that the weight of the evidence against the Defendant was strong, she had participated in criminal activity while being supervised, her employment was erratic, and she was facing a serious drug addiction that made it likely she would engage in further illegal activity. The home environment was the same one

where she dealt heroin, and later overdosed. The Magistrate Judge noted that habits of that nature were hard to break, and the Defendant had not shown sufficient resolve to do so. Accordingly, there were no conditions, or combination of conditions, that would ensure her appearance in court.

In the Government's Objection to Defendant's Motion for Revocation or Amendment of Detention Order [ECF No. 22], the Government reiterates some of these same pertinent factors. The Government notes that the weight of the evidence against the Defendant is strong. Her offense is serious; she knowingly provided a firearm to a convicted felon and drug dealer who had illegally amassed a large quantity of firearms. With respect to her history and characteristics, the Government highlighted several of the factors mentioned in the statute. The Court finds that these factors present a compelling basis for detention.

One factor the Court considers is the Defendant's concerning history of drug abuse; she reported substance abuse going back more than fifteen years, which included daily use of heroin and weekly use of methamphetamine at the time of her arrest. Importantly, the Defendant's previous record of noncompliance with court supervision does not suggest that there are conditions of release that would reasonably assure her compliance with the law. The Defendant was being supervised by the Allen County Drug Court when she committed her most recent drug offense in June 2018 by overdosing on heroin in the presence of her young children. The following argument from the Government is well taken:

> Being at a halfway house does not mean that you never leave the house. It just means that you live at another house with some rules and likely with other people that have similar addiction issues. Being on electronic monitoring does not mean you never leave the house. It just means that someone is monitoring where you go and for how long. Neither of which prevent you from committing new crimes, continuing to deal drugs, or from using drugs. Turkette has shown that she will do whatever she has to

> do to get drugs. The liberty afforded by residence at a halfway house or electronic monitoring does not prevent her from meeting up with someone that can provide her with drugs or using drugs while she is away from the halfway house. Her clear penchant for using drugs under any circumstances and at all apparent costs poses a danger not only to herself, but to the community at large and to the other residents at whatever halfway house at which she would reside.

(Govt's Obj. 4–5.) The Defendant's history shows no regard for the devastating impact of drug use on herself or others to whom she would provide drugs. Although she may no longer be able to expose her children to the risks that her drug use or dealing would present, her actions still have the potential to place others in danger. The Defendant does not have stable employment or family support that would help her avoid dangerous drug-involved activity within the community, regardless of where she resides or how she is monitored. Rather, her associations appear to be with other drug users and dealers.

Unfortunately, the Defendant's fifteen year history with addictive substances has eroded her ability to conform her actions in such a way that this Court can have reasonable assurance that, if released, she would not engage in additional illegal and dangerous activity. The Court finds that, based on the nature of the charged offense, the criminal history, the new arrests while on supervision, the indifference she has shown (in word and in action) to the dangerous nature of her drug use to herself, her children, and to others, taken as a whole, demonstrate by clear and convincing evidence that the defendant is a danger to the community and that no combination of conditions exist to ensure the safety of the community. Accordingly, the Court finds that the Government has satisfied its burden to show that no condition or combination of conditions will reasonably assure that the Defendant will not endanger the community.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Revocation or Amendment of Detention Order [ECF No. 20].

SO ORDERED on October 4, 2018.

                                            s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT